UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | |
| Plaintiff, | No. 14 Civ.645 (VEC) |
| v. | |
| REVELATION CAPITAL MANAGEMENT, LTD., and CHRISTOPHER P.C. KUCHANNY, | |
| Defendants. | |

**DECLARATION IN SUPPORT OF MOTION FOR THE COURT TO ISSUE
LETTERS ROGATORY FOR TAKING OF DEPOSITIONS
AND PRODUCTION OF DOCUMENTS IN CANADA**

Charles D. Stodghill, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

1.      I am an Assistant Chief Litigation Counsel in the Division of Enforcement assigned to represent Plaintiff Securities and Exchange Commission and an attorney admitted *pro hac vice* to practice before this Court.

2.      This declaration is submitted in support of the Joint Motion for Issuance of Letters Rogatory for the Taking of Depositions and Production of Documents in Canada made by Plaintiff Securities and Exchange Commission ("SEC" or "Commission") and Defendants Revelation Capital Management, Ltd. ("Revelation") and Christopher P.C. Kuchanny.

3.      I am familiar with many of the facts and circumstances surrounding this case and I have consulted with Defendants' counsel with respect to making this Joint Motion. This declaration is based upon my understanding of those facts, and the following paragraphs are true and correct to the best of my information and belief.

1

**Summary of Action**

4.      This action arises from the SEC's claim that Revelation and Mr. Kuchanny violated Rule 105 of Regulation M.  Rule 105 prohibits any person who makes a short sale of securities during a defined period prior to the pricing of offerings that are conducted on a firm commitment basis from purchasing the same securities in such an offering.

5.      The Complaint alleges that Defendants violated Rule 105 in connection with Central Fund's November 2009 offering (the "Offering") by short selling Central Fund securities during the restricted period and then purchasing the same type of securities in Central Fund's Offering.

6.      Central Fund issued Canadian shares, among others, sold through CIBC. Canadian Stock Transfer Co., Inc. was the transfer agent and registrar.  Upon information and belief, the Canadian Depository for Securities Limited ("CDS") received, transferred, settled, deposited, cleared, tendered and/or delivered certain of the securities offered in the Offering.

7.      Defendants deny that there was any violation of Rule 105, but admit that Revelation directed the purchase of securities in the Offering.  Defendants admit that Revelation directed short sales of Central Fund's securities.  However, Defendants deny that these actions constitute a violation of Rule 105 and deny that the U.S. securities laws apply to the relevant transactions as Defendants contend that the relevant conduct occurred extraterritorially. Defendants further deny that Rule 105 applies as the Offering was on a firm commitment basis and was accretive to existing shares, not dilutive.  .  Moreover, Defendants further deny that Rule 105 applies to exchange traded funds and convertible securities..

**Assistance Required**

8.      Many of the individuals and entities central to this action reside or are headquartered in Canada: Central Fund is located in Ontario, Canada; CIBC was the underwriter for the Offering and the relevant employees are located in Ontario, Canada; Canadian Stock Transfer Co. was the transfer agent and registrar for the Offering and is also headquartered in Ontario, Canada; CDS, headquartered in Ontario, Canada, transferred, settled, deposited, cleared, tendered and/or delivered the securities in the Offering; J.C. Stefan Spicer of Central Fund resides in Ontario, Canada; Scott J. Smith, formerly of CIBC, resides in Ontario, Canada; and David Scott resides in Ontario, Canada.

9.      Each of these individuals and entities have knowledge regarding the Offering and all can testify to facts in dispute and certain topics as follows:

10.      **J. Stefan Spicer or 30(b)(6) Witness of Central Fund.**  Central Fund was the Issuer for the Offering.  J. Stefan Spicer, as President and Chief Executive Officer at Central Fund, or a representative of Central Fund if Mr. Spicer is not available, would have knowledge of the facts integral to the arguments of both parties, including: the structure and operations of Central Fund; the timing and operation of important aspects of the Offering; methodology for calculating the price of shares in the Offering; fees, costs, and other expenses in connection with the Offering; communications with and between representatives of Revelation, CIBC, Central Fund, Canadian Stock Transfer Company, CDS, the multijurisdictional disclosure service, brokers and other entities working on the Offering; and benefit to Central Fund and its shareholders for participation in the Offering, and in general.

11.      **Scott J. Smith** (formerly of CIBC). CIBC was the underwriter for the Offering. At the time of the Offering, Scott J. Smith worked for CIBC and was the Executive Director of

Institutional Equity Sales, in charge of many aspects of the Offering.   Due to Smith's position, he would have first-hand knowledge regarding the structure, the timing and operation of important aspects of the Offering; methodology for calculating the price of shares in the Offering; fees, costs and other expenses in connection with the Offering and in general; communications with and between representatives of Revelation, Central Fund, CIBC, Canadian Stock Transfer Company, CDS, the multijurisdictional disclosure service, brokers and other entities working on the Offering; and benefit to Central Fund and its shareholders from Revelation's participation in the Offering, and in general.

12.    **David Scott or another 30(b)(6) Witness.**  CIBC was the underwriter for the Offering.  Should Scott J. Smith not fully answer the parties' questions regarding the Offering, David Scott or another 30(b)(6) witness from CIBC would also be able to attest to the structure, the timing and operation of important aspects of the Offering; methodology for calculating the price of shares in the Offering; fees, costs and other expenses in connection with the Offering and in general; communications with and between representatives of Revelation, CIBC, Central Fund, Canadian Stock Transfer Company, CDS, the multijurisdictional disclosure service, brokers and other entities working on the Offering; and benefit to Central Fund and its shareholders from Revelation's participation in the Offering, and in general.

13.    **30(b)(6) Witness of Canadian Stock Transfer Co.**  Canadian Stock Transfer Co., Inc. was the registrar and transfer agent for shares in the Offering.  A representative of Canada Stock Transfer Co., Inc. would have relevant and necessary information regarding: settlement, administration and record-keeping of securities purchased, sold and offered in the Offering; the timing and operation of important aspects of the Offering; communications with and between representatives of Revelation, CIBC, Central Fund, Canadian Stock Transfer

Company, CDS, the multijurisdictional disclosure service, brokers and other entities working on the Offering; fees, costs and other expenses in connection with the Offering and in general.

14.     **30(b)(6) Witness of the Canadian Depository for Securities.** CDS cleared and deposited the securities offered in the Offering. A representative of CDS would have relevant and necessary information regarding: the receipt, transfer, settlement, deposit, clearance, tender and/or delivery of the securities offered in the Offering; the timing and operation of important aspects of the Offering; communications with and between representatives of Revelation, CIBC, Central Fund, Canadian Stock Transfer Company, CDS, the multijurisdictional disclosure service, brokers and other entities working on the Offering; fees, costs and other expenses in connection with the Offering and in general.

15.     The parties jointly are seeking documents and testimony that are material and necessary to the issues of this action from these above stated foreign third parties who are located in Canada.

16.     Pursuant to Section 46 of the *Canada Evidence Act*, Section 60 of the *Evidence Act of Ontario*, upon application by Canadian counsel based on Letters Rogatory issued by a foreign court, a Canadian court will issue an appropriate order compelling a witness to appear, to testify at deposition, and to produce documents.

17.     Thus, the Commission and Defendants seek an order from the Ontario Court allowing for discovery proceedings.

18.    No previous application for the relief sought by this Joint Motion has been made.


_____
Charles D. Stodghill
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
202-551-4413
stodghillc@sec.gov

SK 28185 0001 6435425 v2