UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION

                          Plaintiff,                    No. 14 Civ. 645 (VEC)

                    v.

REVELATION CAPITAL MANAGEMENT, LTD.,
and CHRISTOPHER P.C. KUCHANNY,

                          Defendants.


**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION TO EXCLUDE THE TESTIMONY OF
<u>PLAINTIFF'S EXPERT WITNESS GUY ERB</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ................................................................................................................................ 2

    A.    Plaintiff's Argument That Erb's Qualifications Are "Close Enough" Is An Admission That He Is Simply Not Qualified To Opine Concerning A Non-Firm Commitment Underwriting. .......................................................................... 2

    B.    Plaintiff Essentially Admits That Erb Misconstrued Documents And Testimony; Therefore, His Testimony Is Unreliable. ............................................ 4

    C.    Issues With Erb's Qualifications And The Reliability Of His Opinion Go To The Admissibility, Not The Weight, Of His Testimony. ................................. 7

    D.    Contrary To Plaintiff's Argument, Erb's Opinion Based On His Own *Ipse Dixit* Is Prejudicial And Is Barred By Rule 403. ................................................. 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Arista Records LLC v. Lime Grp. LLC,*
No. 06-cv-5936, 2011 U.S. Dist. LEXIS 47416 (S.D.N.Y. April 29, 2011) ............................ 8

*Bourjaily v. United States,*
483 U.S. 171 (1987) ................................................................................................................. 7

*Boykin v. W. Express, Inc.,*
No. 12-cv-7428, 2015 U.S. Dist. LEXIS 15297 (S.D.N.Y. Feb. 6, 2015) ................................ 8

*Cain v. Jackson,*
No. 05-cv-3914, 2007 U.S. Dist. LEXIS 55090 (S.D.N.Y. July 27, 2007) .............................. 4

*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,*
752 F.3d 173 (2d Cir. 2014) .................................................................................................... 2

*Daubert v. Marrell Dow Pharms., Inc.,*
509 U.S. 579 (1993) ................................................................................................................. 9

*Dreyer v. Ryder Auto. Carrier Grp., Inc.,*
367 F. Supp. 2d 413 (W.D.N.Y. 2005) .................................................................................. 10

*In re Pfizer, Inc. Securities Litig.,*
No. 04-cv-9866, 2010 U.S. Dist. LEXIS 26927 (S.D.N.Y. Mar. 22, 2010) ............................ 7

*In re Puda Coal Secs., Inc.,*
30 F. Supp. 3d 230 (S.D.N.Y. 2014) ....................................................................................... 9

*Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.,*
No. 04-cv-7369, 2006 U.S. Dist. LEXIS 51869 (S.D.N.Y. July 27, 2006) .............................. 3

*Lippe v. Bairnco Corp.,*
288 B.R. 678 (S.D.N.Y. 2003) ............................................................................................ 7, 9

*Liu Meng-Lin v. Siemens AG,*
763 F.3d 175 (2d Cir. 2014) .................................................................................................... 2

*Louis Vuitton Malletier v. Dooney & Burke, Inc.,*
525 F. Supp. 2d 558 (S.D.N.Y. 2007) .................................................................................. 4, 9

*McCullock v. H.B. Fuller Co.,*
61 F.3d 1038 (2d Cir. 1995) .................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

*Micro Chem., Inc. v. Lextron, Inc.,*
   317 F.3d 1387 (Fed. Cir. 2003) .................................................................... 4

*Morrison v. Nat'l Austl. Bank Ltd.*,
   561 U.S. 247 (2010) ...................................................................................... 2

*R.F.M.A.S., Inc. v. Mimi So,*
   748 F. Supp. 2d 244 (S.D.N.Y. 2010) ...................................................... 3, 4

*Sullivan v. Ford Motor Co.,*
   No. 97-cv-0593, 2000 U.S. Dist. Lexis 4114 (S.D.N.Y. Mar. 31, 2000) ................................. 3

*United States v. Dukagjini,*
   326 F.3d 45 (2d Cir. 2002) ........................................................................... 9

*United States Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.,*
   No. 12-cv-6811, 2015 U.S. Dist. LEXIS 81080 (S.D.N.Y. June 22, 2015) ............................ 8

*United States v. Joseph,*
   542 F.3d 13 (2d Cir. 2008) ........................................................................... 8

## RULES AND REGULATIONS

FED. R. EVID. 403 ................................................................................... 1, 10

FED. R. EVID. 702 .............................................................................. 1, 7, 10

## OTHER AUTHORITIES

Guiliano Iannotta, *Investment Banking: A Guide to Underwriting
   and Advisory Services* (Springer-Verlag, 2010) ......................................... 5

Revelation Capital Management, Ltd. ("Revelation") and Christopher P.C. Kuchanny ("Kuchanny") (together, "Defendants") respectfully submit this reply memorandum of law in further support of their motion to preclude Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") from offering any evidence or testimony of Guy Erb ("Erb") pursuant to Rules 403 and 702 of the Federal Rules of Evidence.

## PRELIMINARY STATEMENT

In its opposition to Defendants' Motion to Exclude the Testimony of Plaintiff's Expert Witness Guy Erb (the "Opposition"), Plaintiff implicitly accedes to the fact that there are significant problems with Erb's proffered testimony.  Rather than attempting to meet its burden of demonstrating that Erb is qualified to testify about a non-firm commitment underwriting and that his testimony is reliable in the face of Erb's blatantly misconstruing testimony and documents, Plaintiff instead argues that any issues with Erb's qualifications or the reliability of his testimony are issues for cross-examination and go to the weight, not the admissibility, of Erb's opinion.  This is not the case.  While the standard for admissibility of expert testimony is a liberal one, expert testimony that is without foundation and provided by an unqualified individual should nevertheless be precluded by the Court in its gate-keeping role.  Here, Erb's opinion is ill-considered and without foundation.[1]

While Plaintiff's Opposition restates Erb's purported experience in the securities industry, rehashes his opinion, and argues that his testimony is reliable in part because he reviewed "authoritative sources," "SEC rules and regulations" and "other public information," Plaintiff fails to sufficiently explain how Erb reached his ultimate conclusion and the exact evidence upon which Erb's opinion is based.  The mere restatement of qualifications and reliance

---

[1] Except as otherwise defined herein, capitalized terms shall have the meaning ascribed to them in Defendants' Memorandum of Law in Support of its Motion to Exclude the Testimony of Plaintiff's Expert Witness Guy Erb, dated September 9, 2015 (ECF No. 43) (the "Motion").

upon sources without tying these qualifications or evidence to an opinion is insufficient to survive a *Daubert* motion.  Erb's opinion should be excluded because it is misleading and cannot be relied upon, is unsupported by any relevant experience, is unsupported by the facts and reaches conclusions that both ignore and contradict the testimony of witnesses.[2]

## ARGUMENT

**A.**    **Plaintiff's Argument That Erb's Qualifications Are "Close Enough" Is An Admission That He Is Simply Not Qualified To Opine Concerning A Non-Firm Commitment Underwriting.**

Plaintiff does not contest Defendants' contentions that Erb "(1) has no experience with offerings that were conducted on something other than a firm commitment basis, (2) has not opined on the mechanics of underwriting securities, and (3) has no specialized training specifically in underwriting."  Opposition at 10.   Plaintiff merely argues that Erb's qualifications are "close enough" that the Court should allow him to opine on whether or not an offering was conducted on a firm commitment basis.  *See, e.g.,* Opposition at 10. This is simply not the case.

In fact, Plaintiff has failed to demonstrate that Erb is qualified to render an opinion on the underwriting of the Central Fund Offering.  *See* Motion at 12-14.  Contrary to Plaintiff's arguments, Erb's experience is not "directly related to the major issue in this case." Opposition at 9.  As Plaintiff admits, Erb was only involved in five realized offerings, all of which were conducted on a firm commitment basis.  Opposition at 9; Deposition Transcript of Guy Erb 36:8-

---

[2] Plaintiff has also made several misstatements about the law and the facts in its Opposition that Defendants address briefly here since they are otherwise not relevant to the instant motion.  First, contrary to Plaintiff's contentions (*see* Opposition at 4), Defendants are not arguing that this Offering was conducted on a best efforts basis.  Instead, Defendants' experts, Edward Fleischman and Gilbert Matthews, testified that the November 2009 Offering of Central Fund securities was an *overnight marketed offering*, which is not conducted on a firm commitment basis, and therefore not subject to Rule 105.  Second, contrary to Plaintiff's contentions (*see* Opposition at 4, n.2), a foreign offering is not necessarily a domestic transaction under *Morrison* and its progeny simply because it is cross-listed on a domestic exchange.  *See City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 180 (2d Cir. 2014); *see also Liu Meng-Lin v. Siemens AG*, 763 F.3d 175, 180 (2d Cir. 2014) (solely a listing on a U.S. exchange is a "'fleeting' connection that 'cannot overcome the presumption against extraterritoriality'") (citing *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 263 (2010)).  To state otherwise is erroneous.

13 (Exhibit 6 of the Yoskowitz Declaration in Support of Defendants' Motion (ECF No. 44) ("Yosk. Decl.")).  While Erb may have been involved in offerings that were marketed in Canada, he was not involved in any Canadian offerings involving Canadian issuers, such as Central Fund. *See* Motion at 13.  Further, Erb's experience with underwritings is limited to that of diligence, valuation, and document creation matters -- not the actual underwriting of securities.  Motion at 13.

Plaintiff fails to explain how any of Erb's experience allows him to provide an opinion on the Central Fund Offering -- having never worked on any non-firm commitment or Canadian underwritings -- and there is no connection between Erb's experience and his opinion in this case.  Rule 702 is, therefore, not satisfied, and Plaintiff's cases are inapposite.  *See, e.g., Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, No. 04-cv-7369, 2006 U.S. Dist. LEXIS 51869, \*19 (S.D.N.Y. July 28, 2006) (finding expert testimony admissible because even though an expert did not have training in optometry, he had significant financial and economic analysis experience and his opinion was on the marketplace impact of false advertising claims).

Here, where Erb is neither knowledgeable about a particular subject nor informed about all of the details of the issues raised, his opinion is inadmissible.  *Compare R.F.M.A.S., Inc. v. Mimi So*, 748 F. Supp.2d 244, 268-69, 282 (S.D.N.Y. 2010) (finding an expert unqualified where they lacked experience, training, or education sufficient to give them specialized knowledge of the matter at issue); *with Sullivan v. Ford Motor. Co.*, No. 97-cv-0593, 2000 U.S. Dist. Lexis 4114 (S.D.N.Y. Mar. 31, 2000) (expert had studied 15,000 accident investigations, prepared 10,000 reports, conducted 20-30 investigations involving air bag deployments, and specifically studied 3 or 4 accidents that involved passenger-side airbags).  Erb's qualifications are, in fact, so thin with regards to the issues at bar as to be construed as circumstantial evidence of the

unreliability of his opinion.  *See Louis Vuitton Malletier v. Dooney & Burke, Inc.*, 525 F. Supp. 2d 558, 616 (S.D.N.Y. 2007).  Accordingly, Erb is not qualified to opine on whether the Offering was conducted on a non-firm commitment basis, and as such, his opinion should be excluded.

**B.**      **Plaintiff Essentially Admits That Erb Misconstrued Documents And Testimony; Therefore, His Testimony Is Unreliable.**

Plaintiff oversimplifies and mischaracterizes Defendants' Motion.  Defendants do not merely disagree with Erb's opinion.  Rather, Defendants argue that Erb impermissibly ignores relevant testimony, documents and facts, or twists such evidence in misleading ways to fit his opinion.  *See* Motion at 14-23.  Plaintiff's Opposition merely repeats Erb's opinion without providing any additional information as to why Erb's opinion is reliable or how it is connected in any way to his experience or the facts of this case.  As set forth below and in the Motion, Erb's opinion is based solely on his *ipse dixit* and "is so conclusory in nature and lacking in reliability that it does not reach the minimum of any of the enumerated factors in *Daubert*" and should be ruled inadmissible.  *Cain v. Jackson*, No. 05-cv-3914, 2007 U.S. Dist. LEXIS 55090, *8 (S.D.N.Y. July 27, 2007); *R.F.M.A.S., Inc.*, 748 at 244 (finding that even if the expert possessed the requisite qualifications to support his opinion, an opinion was inadmissible where the expert failed to demonstrate that he had used reliable methodology). More importantly, Erb's opinion ignores the actual testimony of the CIBC and Central Fund witnesses and twists the facts to fit his own hypotheses.[3]  Thus, Plaintiff has failed to meet its burden to demonstrate that Erb's opinion is reliable.

First, as discussed in detail in Defendants' Motion, Erb equates a firm commitment offering with the term "underwritten," or the fact that at a certain point the underwriters purchase

---

[3] Plaintiff's case law is inapposite.  *See, e.g., Micro Chem., Inc. v. Lextron, Inc.* 317 F.3d 1387, 1392 (Fed. Cir. 2003) (finding expert testimony admissible where the expert accepted the statements of others as fact instead of performing an independent investigation, but used reliable methodology).

the entire stock issue from the issuer, but fails to explain how his experience or the materials he cites lead him to this conclusion.  *See* Motion at 14-15.  Additionally, while Erb cites to several books and other articles, they do not support his opinion.  For example, *Investment Banking: A Guide to Underwriting and Advisory Services*, identified by Plaintiff in its Opposition (Opposition at 13), states that there are two types of fixed price offerings, a firm commitment offering and a best efforts offering.  *See* Chapter 3.4 of Guiliano Iannotta*, Investment Banking: A Guide to Underwriting and Advisory Services* (Springer-Verlag, 2010).  Nowhere does the author discuss an overnight marketed offering, such as the Offering here.[4]

   Second, in forming his opinion, Erb simply ignores the facts and testimony in the record that contradict his conclusions.  *See* Motion at 15-19.  For example, Erb fails to take into account that Kuchanny, the CIBC witnesses, and the Central Fund witnesses all testified that there were firm bids for the Central Fund securities before the pricing call on which CIBC agreed to purchase shares from Central Fund and Central Fund agreed to buy gold and silver.  *See* Deposition Transcript of Scott Smith ("Smith Dep. Tr.") 60:14-23, 128:8-16, 133:7-11 (Yosk. Decl. Ex. 10); *see also* Deposition Transcript of Christopher Kuchanny 100:3-23 (Yosk. Decl. Ex. 7); Deposition Transcript of David Scott ("Scott Dep. Tr.") 75:18-76:9 (Yosk. Decl. Ex. 13). While Plaintiff argues that this "simply reflects Erb's disagreement with Defendants as to how the subject testimony should be construed," Plaintiff does not explain how the testimony can be read any other way or how or whether such testimony was even considered by Mr. Erb.  *See* Opposition at 13-14.  Similarly, Erb claims that the documents in the record support his opinion, but Plaintiff does not – and cannot – deny that the documents do not state anywhere that the

---

[4] Moreover, the author states that in a firm commitment offering, "the investment bank underwrites the offer, thus guaranteeing the full proceeds to the issuer, regardless of the actual demand" and continues that a firm commitment offering is "much riskier for the investment bank in terms of underwriting risk."  *Id.*  Erb ignores that, dissimilar to a firm commitment offering, there was no risk for CIBC here (*see* Motion at 17-18), as it already knew the demand and had firm bids before committing to purchase the issue.

Offering is a firm commitment one and that the Offering documentation was not entirely accurate, containing language that was more appropriate in the context of a Canadian bought deal.  *See* Smith Dep. Tr. 83:18-85:10 ("A clause like this is more appropriate on a bought deal offering, where the risk has happened at the time of execution of the deal, at the night of launch, where we're buying at a . . . specific price, going out and attempting to sell at that price, and then, having not had success at that price, that we as a group of underwriters are able to reduce the price and still sell under this document."). Indeed, Plaintiff delegates this testimony to a footnote. Opposition at 13, n. 8.

Third, as admitted by Plaintiff (Opposition at 12, n.6), Erb failed to take into account the rules relevant to an offering conducted pursuant to a Multijurisdictional Disclosure System, such as this Offering. *See* Motion at 18-19.  Plaintiff dismisses this argument without discussion, but it is extremely relevant that Erb did not take into consideration the basic fact that this was a Canadian offering, instead relying on sources that do not analyze facts similar to those at issue here.  Indeed, Plaintiff fails to respond to Defendants' argument that the U.S. rules and regulations upon which Erb relies are entirely irrelevant and instead continues touting this reliance as supporting the reliability of Erb's opinion.  *See* Opposition at 12-13.  If anything, Erb's use of such authorities shows that Erb does not fully understand the facts at issue with respect to the foreign Offering and that his opinion is not reliable.

Finally, Erb's opinion contains false implications regarding his own cited secondary materials, the Offering documents, and the testimony of fact witnesses.  For example, he suggests that the CIBC witnesses testified that the offering was a firm commitment one (Yosk. Decl. Ex. 1, Guy Erb Report ¶¶ 61, n. 67, 74), when the opposite was, in fact, true.  Both CIBC witnesses testified that the Offering was not a bought deal, which they equated with the U.S.

version of an offering conducted on a firm commitment basis.  Smith Dep. Tr. 108:16-22, 139:4-140:4; Scott Dep. Tr. 24:6-26:8, 30:21-31:2.  Instead, the Offering was an overnight marketed offering, and the testimony was clear that it was different from a bought deal under industry custom and practice.  Smith Dep. Tr. 108:16-22, 139:4-140:4.

     Accordingly, Erb's opinion is unreliable, and this Court should exclude it as such.

### C.    Issues With Erb's Qualifications And The Reliability Of His Opinion Go To The Admissibility, Not The Weight, Of His Testimony.

     Plaintiff argues that the Court should not preclude Mr. Erb's testimony at this time, but should instead allow the testimony to go before jury where Defendants can then cross-examine Erb and test his credibility (*See* Opposition at 8, 10).   This is not the standard on a *Daubert* motion.  Plaintiff bears the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 and *Daubert* are satisfied.  *See* FED. R. EVID. 702 advisory committee's note (citing *Bourjaily v. United States*, 483 U.S. 171 (1987)).  If Plaintiff cannot satisfy that burden, it cannot then argue that its expert testimony should nevertheless be admitted.  Notwithstanding the liberal standard applied by courts for admitting testimony, where, as here, Erb has failed to provide any reliable support for his conclusion that the Offering was a firm commitment one and has misleadingly re-framed the evidence in the record to fit his opinion, such improper expert testimony is inadmissible.  *See Lippe v. Bairnco Corp.*, 288 B.R. 678, 686 (S.D.N.Y. 2003) (noting that an expert opinion is inadmissible where it is connected to the facts only by the *ipse dixit* of the expert).

     Moreover, Plaintiff's citation to cases where an expert had extensive experience sufficient to warrant qualification or where the movant only took issue with the factual basis for an opinion do not save Erb's testimony.  *See, e.g., In re Pfizer, Inc. Securities Litig.*, No. 04-cv-9866, 2010 U.S. Dist. LEXIS 26927, *8-9 (S.D.N.Y. Mar. 22, 2010) (finding experts were still

sufficiently qualified to testify as to their opinions regarding the interpretation of clinical trials, even where there were differences of opinion in the medical community about the highest medical and scientific quality analyses); *United States v. Joseph*, 542 F.3d 13, 21-22 (2d Cir. 2008) (finding that since social science opinions do not have the "exactness of hard science methodologies," the expert's academic training went to the weight of the testimony, not its admissibility); *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995) (finding that since an expert had extensive practical experience, any issues went to the weight of the testimony, not admissibility); *Arista Records LLC v. Lime Grp. LLC*, No. 06-cv-5936, 2011 U.S. Dist. LEXIS 47416, *21-22 (S.D.N.Y. April 29, 2011) (finding that an expert had broad experience with computer science in general, and peer-to-peer systems in particular, and plaintiffs could elicit any issues with the expert's statistics methodologies on cross-examination); *United States Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, No. 12-cv-6811, 2015 U.S. Dist. LEXIS 81080, *19 (S.D.N.Y. June 22, 2015) (finding that movant's arguments went to the weight of the testimony where there were issues with the original assumptions, or the input for the methodology, not the methodology itself); *Boykin v. W. Express, Inc.*, No. 12-cv-7428, 2015 U.S. Dist. LEXIS 15297, *17-19 (S.D.N.Y. Feb. 6, 2015) (finding expert testimony admissible where there were issues with the factual support for an expert opinion, but the methodology fit the facts of the case).  Here, by contrast, Erb had limited -- if any -- experience as an underwriter and wholly ignored the record where it did not fit his opinion.

Further, Plaintiff quotes *Daubert* out of context for the proposition that Defendants' ability to cross-examine Mr. Erb and present contrary evidence saves Erb from a *Daubert* challenge.  *See* Opposition at 8.  That is not the holding of *Daubert*.  *Daubert* does note that if the abandonment of the "general acceptance" requirements leads to the admission of some

unreliable evidence, there will still be some judicial protections, such as cross-examination, to protect against such evidence. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595-96 (1993). But *Daubert* does not in any way suggest that expert testimony that does not satisfy the requirements of Rule 702 is still somehow admissible. *See id.*

Finally, even where individual, separate flaws may properly be considered questions of weight, the questions of Erb's lack of experience and the unreliability of his opinion here are "sufficiently accumulated" and are "so serious as to require exclusion." *Louis Vuitton Malletier v. Dooney & Burke, Inc.*, 525 F. Supp. 2d 558, 679 (S.D.N.Y. 2007); *see also Lippe*, 288 B.R. at 701 (finding testimony inadmissible where its "flaws and failings go far beyond weight."). Thus, the Court should preclude Erb from offering his expert opinion.

### D.      Contrary To Plaintiff's Argument, Erb's Opinion Based On His Own *Ipse Dixit* Is Prejudicial And Is Barred By Rule 403.

In applying Rule 403, a judge must exercise "more control over experts than over lay persons." *Louis Vuitton Malletier v. Dooney & Burke, Inc.*, 525 F. Supp. 2d 558, 680 (S.D.N.Y. 2007) (citing *Daubert*, 509 U.S. at 595). Here, the probative value of Erb's opinion is greatly diminished due to the absence of relevant qualifications and the lack of reliability undermining his opinion. *See supra* at § A-B. Erb's opinion, which is unsubstantiated and solely based on his own "beliefs," is in no way helpful to the finder of fact. In fact, it will only serve to hinder the finder of fact insofar as it confuses the issues regarding the type of offering in which Revelation participated and thus, the applicability of Rule 105. *See* Motion at 23-24. Thus, the probative value of Erb's so-called opinion is substantially outweighed by the danger of prejudice and confusion it would create with the finder of fact, and it should be excluded. *See United States v. Dukagjini*, 326 F.3d 45, 54 (2d Cir. 2002); *In re Puda Coal Secs., Inc.*, 30 F. Supp. 3d 230, 255

(S.D.N.Y. 2014); *Dreyer v. Ryder Auto. Carrier Grp. Inc.*, 367 F. Supp. 2d 413, 448 (W.D.N.Y. 2005).

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion to exclude the testimony of Erb under Rules 403 and 702 of the Federal Rules of Evidence and for such other and further relief as the Court deems just and proper.

New York, New York
October 21, 2015

> Respectfully submitted,
>
> SEWARD & KISSEL LLP
>
> By: /s/ Jack Yoskowitz
>     Jack Yoskowitz (JY-3935)
>     Thomas Ross Hooper (TH-4554)
>     One Battery Park Plaza
>     New York, New York 10004
>
>     Tel.:  (212) 574-1200
>     Fax:  (212) 480-8421
>
> ATTORNEYS FOR CHRISTOPHER P.C. KUCHANNY
> AND REVELATION CAPITAL MANAGEMENT, LTD.

SK 28185 0001 6852860