UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>REVELATION CAPITAL MANAGEMENT LTD. and CHRISTOPHER P.C. KUCHANNY,<br><br>  Defendants. | 14 Civ. 0645 (VEC) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT REPORT AND PRECLUDE THE <u>EXPERT FROM TESTIFYING</u>**

Plaintiff, the Securities and Exchange Commission ("SEC"), submits this memorandum in further support of its motion to preclude the report and testimony of Defendants' expert Dennis Dumas. For the reasons set forth in the SEC's opening memorandum and as further explained below, Dumas' proffered opinion that exercising jurisdiction over the Defendants in this case is "not consistent with the factors considered by market participants in evaluating jurisdictional reach and choice of law" – constitutes an inadmissible legal conclusion and is otherwise irrelevant to any issue to be decided by the finder of fact. Consequently, his Report should be stricken and Dumas should not be permitted to testify.

**ARGUMENT**

Defendants' contentions to the contrary notwithstanding, as the SEC demonstrated in its opening memorandum, Dumas' sole opinion and testimony relate only to a pure question of law: whether the Court should exercise subject matter or personal jurisdiction in this case. Such testimony is inadmissible because it is well-settled that expert testimony on the law is not permitted; the special legal knowledge of the judge makes such testimony superfluous, and it invades the province of the Court. *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). *Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977). Determinations of subject matter and personal jurisdiction – which Dumas's own Report indicates are the only issues as to which his proposed testimony could possibly be relevant -- are questions of law for the Court. *Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 243 n. 2 (2d Cir.1984) (question of jurisdiction need not be submitted to a jury).

Defendants feebly attempt to avoid application of this unassailable principle of law by asserting that Dumas' proposed testimony is not a legal opinion but rather is being offered to "aid the fact finder in understanding what factors entities like Revelation may have considered at the time of purchasing securities in the Canadian Offering and what expectations it would have had regarding the implications of the purchase and the application of U.S. law." Def. Mem. at 2. Defendants further argue that Dumas' opinion is relevant and admissible "to the extent intent may be a factor" in determining the outcome of this case. *Id.* at 7. Even accepting these assertions as correct, which the SEC does not concede, neither provides a valid basis for admission of the proffered opinion and testimony. The testimony of a qualified expert is admitted only when it "will assist

2

the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  Dumas' proffered testimony simply fails under that standard.

First, Dumas has only been offered as an expert to opine on whether the Court's exercise of jurisdiction would be consistent with the expectations of market participants. He has not been offered to provide general background information regarding standards and practices of the securities industry and his Report does not speak to that issue. Dumas Report at ¶¶ 29-31.  But Defendants fail to identify any factual issue in the case as to which the expectations of market participants regarding jurisdiction would be relevant. The principal factual issue presented here is whether Defendants participated in a follow-on offering of Central Fund securities after selling short those same securities within the restricted period established by Rule 105.  [17 C.F.R. §242.105].  Thus, testimony regarding the expectations of market participants as to jurisdiction will not assist the fact finder in resolving any factual issue in the case.

Similarly, and perhaps more significantly, the Defendants' intent in entering into the transactions at issue is also irrelevant. Rule 105 imposes a strict liability standard. The Rule is designed to prevent potentially manipulative short selling just prior to the pricing of follow-on or secondary offerings, thereby facilitating offering prices to be determined by independent market forces.  *Short Selling in Connection with a Public Offering, Exchange Act Release No. 56206* (August 6, 2007).  Rule 105 is prophylactic and prohibits such conduct regardless of the short seller's intent. *Id*.; *see also* Exchange Act Release No. 54888 (Dec. 13, 2006).  Regardless of whether Defendants intended to

subject themselves to or run afoul of the Rule's prohibitions, if the SEC establishes the factual bases for the asserted violations, they are liable nonetheless.[1]

## CONCLUSION

For all the foregoing reasons and those set forth in Plaintiff's opening memorandum, the SEC's motion to strike the Dumas Report and for entry of an order precluding Dumas from testifying in this matter should be granted.

Respectfully submitted,

\_\_/S/ Charles Stodghill\_\_
Charles D. Stodghill (pro hac vice)
Lauren B. Poper
Division of Enforcement
Securities and Exchange Commission
100 F Street, NE
Washington, DC  20549
(202) 551-4413 (Telephone)
(202) 772-9246 (Facsimile)
E-Mail: stodghillc@sec.gov

Attorneys for Plaintiff

Dated:  October 21, 2015

---

[1] The material facts are essentially undisputed and both parties contemplate possible motions for summary judgment.